08-4757-ag
Bhandari v. Holder

BIA
Morace, IJ
A097 522 059

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand ten.

PRESENT:
>            DENNIS JACOBS,
>                 *Chief Judge*,
>            JOHN M. WALKER, Jr.,
>            GERARD E. LYNCH,
>                 *Circuit Judges*.

_____

SHIVA KUMAR BHANDARI,
>       *Petitioner*,

v.                                          08-4757-ag
                                            NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY GENERAL,[1]
>       *Respondent*.

_____

FOR PETITIONER:          Visuvanathan Rudrakumaran, New York, New York.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Janice K. Redfern, Senior Litigation Counsel, Elizabeth Young, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Shiva Kumar Bhandari, a native and citizen of Nepal, seeks review of an August 27, 2008 order of the BIA affirming the October 11, 2006 decision of Immigration Judge ("IJ") Philip L. Morace, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shiva Kumar Bhandari*, No. 097 522 059 (Aug. 27, 2008), *aff'g* No. A097 522 059 (Immig. Ct. N.Y. City Oct. 11, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). The applicable standards of review are well-established.

8 U.S.C. § 1252(b)(4)(B); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or a finding that neither changed nor extraordinary circumstances excuse untimeliness under 8 U.S.C. § 1158(a)(2)(D); 8 U.S.C. § 1158(a)(3). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Here, Bhandari challenges the IJ's factual determination that he demonstrated no changed circumstances materially affecting his eligibility for asylum, a finding we may not review. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). We thus proceed to review Bhandari's challenge to the agency's denial of his application for withholding of removal.

Substantial evidence supports the IJ's conclusion that Bhandari failed to demonstrate past persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Unfulfilled threats alone do not support a

claim of past persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002). Although Bhandari testified that Maoist cadres threatened him and his family on several occasions, he never claimed that he or his family suffered any actual harm as a result of those threats. *See id.* Accordingly, the IJ reasonably concluded that Bhandari failed to establish past persecution, and that, therefore, he was not entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1).

The IJ also reasonably found that Bhandari could safely relocate within Nepal. *See* 8 C.F.R. § 1208.13(b)(2)(ii). As the IJ observed: (1) in August 2003, Bhandari lived without difficulty in Biratnagar, an area neighboring his home; (2) while he was in India, he safely returned to Nepal three times; and (3) when Maoists cadres threatened his wife in 2004, he advised her to go to Biratnagar, which she did. *See* 8 C.F.R. § 208.13(b)(3). Additionally, the IJ reasonably considered that at the time of the merits hearing, Bhandari's wife and child continued to live in Biratnagar, and (except for one threatening phone call) they have not been harmed or threatened by Maoists. *See Melgar*

4

*de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).

Contrary to Bhandari's argument, there is no indication that the IJ failed to consider a speech by the U.S. Ambassador in the record. *See Xiao Ji Chen*, 471 F.3d at 337 n.17. The Ambassador's speech notes various isolated incidents of Maoist attacks, but does not compel the conclusion that it would be unreasonable for Bhandari to relocate within Nepal.

Finally, there is no merit to Bhandari's assertion that the IJ failed to consider his claim that the King would target him because of his political affiliation with the Nepali Congress Party("NCP"), and alternatively, that the IJ's finding with regard to this claim was not supported by substantial evidence. The IJ reasonably found that Bhandari did not demonstrate that he would be persecuted by the government of Nepal on account of his NCP membership. *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Bhandari asserts that because the IJ found him credible, the IJ should have credited his testimony that "all the members of [the NCP] were getting tortured by the King." However, the IJ reasonably relied on the lack of corroborative evidence in denying his claim. 8 U.S.C.§ 1158(b)(1)(B)(ii);

5

*Diallo v. INS,* 232 F.3d 279, 288 (2d Cir. 2000). Therefore, Bhandari's argument fails.

The IJ's finding that Bhandari failed to sustain his burden for withholding of removal was supported by substantial evidence, and the denial of his application was proper. Further, because Bhandari was unable to establish the objective likelihood of persecution required to establish eligibility for withholding of removal, his CAT claim necessarily fails. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6